LAMAR, Justice,
dissenting:
¶ 21. I agree with the majority that it was error for the State to introduce into evidence two search warrants and their affidavits containing the underlying facts and circumstances. I also agree that the defendant “did not properly object at trial to the admission of the search warrants” and therefore, if error is found, it must be considered plain error. However, “[this Court do]es not recognize plain error unless the error resulted in a manifest miscarriage of justice,” which occurs only if the error prejudiced the disposition of the case.[5] Prejudice is often lacking when the *743 weight of the evidence against a defendant is overwhelming.[6] A thorough review of the record in this case leads me to conclude that the error here did not result in a manifest miscarriage of justice, as the properly admitted evidence against Johnson, namely her three statements along with the physical evidence found at her home, was overwhelming.

Count One: Possession of Methamphetamine

¶ 22. The State was required to prove that Johnson knowingly or intentionally possessed less than .1 gram of methamphetamine. See Miss.Code Ann. § 41-29-139(c)(1)(A) (Rev.2013). In her statement that was placed into evidence, Johnson admitted that “the meth that was found in my purse was mine. No one else knew it was there. The purse it was found in was a[sic] alligator skin purse.” Jamie Johnson, a forensic scientist with the Mississippi Crime Laboratory, confirmed that the substance found in Johnson’s purse was methamphetamine.

Count Tivo: Possession of Precursors

¶ 23. The State was required to prove that
[Johnson] knowingly or intentionally purchase[d], possessed], transferred], manufacture^], attempted] to manufacture or distribute any two (2) or more of the listed precursor chemicals or drugs in any amount, knowing, or under circumstances where one reasonably should know, that the listed precursor chemical or drug will be used to unlawfully manufacture a controlled substance.
Miss.Code Ann. § 41 — 29—313(l)(a)(ii) (Rev. 2013). Johnson admitted that “[o]n Sunday [the] 10th of January 2010[,] I bought Claritin D at Wal-Mart, and Brian Stephens [7] bought a twenty-count box of pseu-doephedrine at Wal-Mart” and that she “was going to take the pills out of the county for someone to make meth for me to use. I was not going to cook the meth but I was going to use it.” Claritin D contains pseudoephedrine, which is a listed precursor chemical for methamphetamine. Miss.Code Ann. § 41 — 29—313(1)(b)(iv) (Rev.2013). Officer Ralph Sciple testified that the pills Johnson confessed to possessing were found in a box with an Instant Ice compress and lithium batteries. Jamie Johnson testified that lithium and ammonium nitrate, a chemical in the Instant Ice compress, both are listed precursor chemicals for methamphetamine. Miss.Code Ann. § 41 — 29—313(l)(b)(iii, vii) (Rev.2013).

Count Three: Fake IDs

¶ 24. The State had to prove that Johnson made or caused to be made “any false statement or representation as to h[er] or another person’s or entity’s identity, social security account number, credit card number, debit card number or other identifying information for the purpose of fraudulently obtaining or with the intent to obtain goods, services or any thing of value.” Miss.Code Ann. § 97-19-85 (Rev. 2006). Johnson admitted that, “on Sunday[,] the 10th of January[,] I went to Wal-mart and I used an ID that had Angela Carlton SSN XXX-XX-XXXX and bought a 10 part pack of Clarion-D [sic]. The SSN on the ID was not my SSN.”
¶ 25. Johnson admitted every element of all three charges, and her statements were admitted at trial. These statements, *744 coupled with the forensic and physical evidence, are overwhelming evidence of Johnson’s'guilt. Therefore, I decline to recognize the admission of the search warrants as plain error, because their admission did not cause a manifest miscarriage of justice. For these reasons, I respectfully dissent.
RANDOLPH, P.J., CHANDLER AND PIERCE, JJ., JOIN THIS OPINION.

. Burdette v. State, 110 So.3d 296, 304-05 (quoting Conners v. State, 92 So.3d 676, 684 (Miss.2012)) (internal quotations omitted).

. Burdette, 110 So.3d at 304-05. See also Smith v. State, 986 So.2d 290, 300-01 (Miss.2008), and Clark v. State, 891 So.2d 136, 141 (Miss.2004).

. In the record, Kenneth Brian Stevens is referred to as Brian Stephens as well as Kenneth Stevens.